Timothy K. Conde (10118)
timothy.conde@stoel.com
Jordan C. Bledsoe (15545)
jordan.bledsoe@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| MEDICAL PRIORITY CONSULTANTS INC. dba PRIORITY DISPATCH, a Utah corporation, and JEFFREY J. CLAWSON, an individual,<br><br>            Plaintiffs,<br><br>v.<br><br>VitalClick LLC, a Delaware limited liability company,<br><br>            Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.   2:17-cv-00116-RJS<br><br>The Honorable   Jeffrey J. Clawson |

Plaintiffs Medical Priority Consultants Inc. dba Priority Dispatch ("Priority Dispatch")

and Dr. Jeffrey J. Clawson (together, "Plaintiffs") hereby complain against defendant VitalClick

LLC ("VitalClick") and for their causes of action allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Priority Dispatch is, and at all times herein mentioned was, a corporation

organized and existing under the laws of the state of Utah, with its principal place of business

located at 110 South Regent Street, Suite 500, Salt Lake City, UT 84111.

2.      Dr. Jeffrey J. Clawson is the founder and CEO of Priority Dispatch.  Dr. Clawson is a resident of Salt Lake County, Utah.  Dr. Clawson is the inventor and owner of numerous patented emergency dispatch protocols.

3.      Upon information and belief, VitalClick is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 223 Lorraine Avenue, 2nd Floor, Upper Montclair, NJ 07043.

4.      The Court has personal jurisdiction over VitalClick because VitalClick has conducted continuous and systematic business in the state of Utah and has committed acts of product infringement, unfair competition, and patent infringement in this district.

5.      The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because a federal question exists.  *See* 15 U.S.C. § 1125; 35 U.S.C. § 271.

6.      The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

7.      Venue is proper in this Court under 28 U.S.C. § 1400(b) because VitalClick has committed acts of patent infringement in this district, and under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district, and VitalClick is subject to the Court's personal jurisdiction.

## GENERAL ALLEGATIONS

**Dr. Clawson develops medical priority dispatching.**

8.      Emergency medical priority dispatching was first developed in the mid-1970s by Dr. Clawson.  Dr. Clawson, then employed by the Salt Lake City Fire Department as its medical

director, recognized the potential for saving lives by having emergency dispatchers provide

simple scripted telephone instructions prior to the arrival of paramedics.

9.      Dr. Clawson developed a revolutionary series of key questions, pre-arrival

instructions, and dispatch priorities to be used in the processing of emergency medical-services

calls.

10.      Dr. Clawson's emergency dispatcher protocols evolved into a unified system used

by dispatchers to give standardized medical instructions to distressed callers over the telephone

during medical emergencies before emergency personnel arrived.  Dr. Clawson's system is

known as the Medical Priority Dispatch System™ (MPDS®).

11.      The MPDS® initially utilized flip cards that dispatchers used to provide guidance

on performing procedures such as cardiopulmonary resuscitation and responding to various

medical emergencies, including, for example, choking, back pain, diabetic problems, drowning,

electrocution, overdoses, gunshot wounds, heart attacks, and strokes.

**Dr. Clawson founds Priority Dispatch.**

12.      In 1987, Dr. Clawson founded Priority Dispatch to disseminate use of the

MPDS® to a growing base of users, cultures, and geographies.

13.      Priority Dispatch is the only company licensed to design and publish the MPDS®

and its various products.  Priority Dispatch provides the MPDS® to emergency call centers

around the world.

14.      As technology advanced, Priority Dispatch developed computer-assisted dispatch

systems that utilize the MPDS®.  Priority Dispatch's computer-assisted dispatch systems allow

dispatchers to record calls and to automate the triage process by making the emergency medical dispatch systems algorithm-based.

**Priority Dispatch is the leading provider of priority dispatching products and services.**

15.     Priority Dispatch is recognized as the preeminent provider of emergency dispatch products and services, and the MPDS® is recognized as the gold standard for priority dispatching systems.

16.     Priority Dispatch has provided and developed products, training, and services for emergency dispatching call-taking centers for over 30 years and has produced more than twelve major revisions to the MPDS® since its creation.

17.     Priority Dispatch is the only dispatch system provider with an in-house research and development organization that has been approved by the International Academies of Emergency Dispatch, a non-profit standard-setting organization.

18.     Priority Dispatch has been the recipient of awards and recognition for its products and services; has trained and certified over 140,000 emergency medical dispatchers, emergency fire dispatchers, and emergency police dispatchers throughout the world; and has implemented the MPDS® and other systems in over 3,300 emergency call centers worldwide.

19.     Priority Dispatch's MPDS® and other systems are available in 21 languages and dialects and used in 45 countries.

**VitalClick competes with Priority Dispatch.**

20.     According to VitalClick's website (http://www.vitalclick.com/home.html) (the "VitalClick Website"), VitalClick was founded in 2006. VitalClick, similar to Priority Dispatch, provides medical dispatching software for public safety agencies.

21.   VitalClick's public safety products apparently include desktop applications utilized by emergency medical dispatchers to provide pre-arrival instructions and to predetermine what emergency personnel should be sent to the location of an emergency; software applications that enable VitalClick to update its protocols consistent with national standards; and mobile applications that allow users to access VitalClick's applications on mobile devices.

**VitalClick uses images of Priority Dispatch's MPDS® in its advertising.**

22.   On or around January 25, 2017, Priority Dispatch was contacted by Kevin Kiluia from Northwest Central Dispatch System ("Northwest"), a Priority Dispatch customer.  Mr. Kiluia informed Priority Dispatch that it received an electronic advertisement brochure (the "VitalClick Brochure") from VitalClick displaying a picture of Northwest's dispatcher using Priority Dispatch's MPDS® product.

23.   VitalClick did not request permission to use a picture of Northwest's dispatcher or Priority Dispatch's MPDS® product.  A picture from the VitalClick Brochure is displayed below.  (The advertisement at issue is highlighted by the broken-line oval, and the image of the MPDS® is highlighted by the solid-line circle within the oval.)





24.    VitalClick's image of a dispatcher using Priority Dispatch's well-known MPDS® product conveys the false impression that the MPDS® product is VitalClick's product. VitalClick's Brochure also creates the false impression and misleads consumers to believe that VitalClick is associated with or that its products and services are of similar quality and character as Priority Dispatch's products and services.

25.    After receiving notice of VitalClick's Brochure, Priority Dispatch employees visited the VitalClick Website and discovered VitalClick's homepage also displays a picture of Priority Dispatch's MPDS® product and an image of Priority Dispatch's client utilizing the

MPDS®.  A screenshot image from the VitalClick Website is displayed below.  (The image of

the MPDS® is highlighted by the oval.)



26.    The VitalClick Website conveys to consumers the idea that Priority Dispatch's

products are VitalClick's products.  Next to the image of Priority Dispatch's product, VitalClick

has placed the phrase, "Accurate and up-to-date information for effective call taking and

dispatching."  And below the image of Priority Dispatch's product, VitalClick's advertisement

states, "VitalClick provides the ideal platform for real-time implementation of the latest

emergency medical protocols in an automated, centralized system."

27.    VitalClick's advertisements, whether through its Brochure or its Website, create

confusion and deception as to the origin of the products in its Brochure and on its Website.

**Consumers and Priority Dispatch's customers are confused and misled by VitalClick's advertisements.**

28.     Priority Dispatch has been informed by its customers and prospective customers that they have received the VitalClick Brochure and recognized an image of Priority Dispatch's MPDS® product within the Brochure.

29.     VitalClick's advertisement has caused confusion among Priority Dispatch's customers as to VitalClick's relationship with Priority Dispatch and Priority Dispatch's products and services.

30.     Priority Dispatch's customers have been led to believe that VitalClick's products and services are of a similar quality and character as or associated with Priority Dispatch's products and services.

31.     On information and belief, consumers visiting the VitalClick Website have been led to believe that the MPDS® product displayed on the VitalClick Website is VitalClick's product.

**Priority Dispatch's goodwill has been damaged by VitalClick's conduct.**

32.     On information and belief, as a result of VitalClick's conduct, sales have been diverted from Priority Dispatch and Priority Dispatch's goodwill, reputation, and competitive position in the marketplace have been diminished.

**Dr. Clawson is the owner of numerous patented emergency dispatch protocols.**

33.     Dr. Clawson's emergency dispatch protocols have been recognized by the United States Patent and Trademark Office ("USPTO") through the issuance of numerous patents, including the patents-in-suit (collectively, the "Patents-in-Suit").  Dr. Clawson has licensed the Patents-in-Suit to Priority Dispatch.

**The Patents-in-Suit.**

34.     On September 12, 2006, the USPTO duly and lawfully issued United States Patent No. 7,106,835 entitled "Method and System for Integrating a Computer Aided Dispatch System with an Emergency Medical Dispatch Protocol" (the "'835 Patent"). Dr. Clawson is the licensee and sole owner of the '835 Patent. A copy of the '835 Patent is attached as Exhibit 1.

35.     On January 12, 1999, the USPTO duly and lawfully issued United States Patent No. 5,857,966 entitled "Method and System for the Unconscious or Fainting Protocol of an Emergency Medical Dispatch System" (the "'966 Patent"). Dr. Clawson is the licensee and sole owner of the '966 Patent. A copy of the '966 Patent is attached as Exhibit 2.

36.     On November 23, 1999, the USPTO duly and lawfully issued United States Patent No. 5,989,187 entitled "Method and System for Giving Remote Emergency Medical Counseling for Childbirth Patients" (the "'187 Patent"). Dr. Clawson is the licensee and sole owner of the '187 Patent. A copy of the '187 Patent is attached as Exhibit 3.

37.     On December 21, 1999, the USPTO duly and lawfully issued United States Patent No. 6,004,266 entitled "Method and System for the Heart Problem Protocol of an Emergency Medical Dispatch System" (the "'266 Patent"). Dr. Clawson is the licensee and sole owner of the '266 Patent. A copy of the '266 Patent is attached as Exhibit 4.

38.     On January 4, 2000, the USPTO duly and lawfully issued United States Patent No. 6,010,451 entitled "Method and System for Giving Remote Emergency Medical Counsel to Choking Patients" (the "'451 Patent"). Dr. Clawson is the licensee and sole owner of the '451 Patent. A copy of the '451 Patent is attached as Exhibit 5.

39.    On April 25, 2000, the USPTO duly and lawfully issued United States Patent No. 3,053,864 entitled "Method and System for Giving Remote Emergency Medical Counsel to Arrest Patients" (the "'864 Patent"). Dr. Clawson is the licensee and sole owner of the '864 Patent. A copy of the '864 Patent is attached as Exhibit 6.

40.    On June 13, 2000, the USPTO duly and lawfully issued United States Patent No. 6,076,065 entitled "Method and System for the Pregnancy Condition Protocol of an Emergency Medical Dispatch System" (the "'065 Patent"). Dr. Clawson is the licensee and sole owner of the '065 Patent. A copy of the '065 Patent is attached as Exhibit 7.

41.    On August 22, 2000, the USPTO duly and lawfully issued United States Patent No. 6,106,459 entitled "Method and System for the Entry Protocol of an Emergency Medical Dispatch System" (the "'459 Patent"). Dr. Clawson is the licensee and sole owner of the '459 Patent. A copy of the '459 Patent is attached as Exhibit 8.

42.    On August 19, 2003, the USPTO duly and lawfully issued United States Patent No. 6,607,481 entitled "Method and System for an Improved Entry Process of an Emergency Medical Dispatch System" (the "'481 Patent"). Dr. Clawson is the licensee and sole owner of the '481 Patent. A copy of the '481 Patent is attached as Exhibit 9.

43.    On September 23, 2008, the USPTO duly and lawfully issued United States Patent No. 7,428,301 entitled "Method and System for the Exit Protocol of an Emergency Medical Dispatch System" (the "'301 Patent"). Dr. Clawson is the licensee and sole owner of the '301 Patent. A copy of the '301 Patent is attached as Exhibit 10.

44.    On October 14, 2008, the USPTO duly and lawfully issued United States Patent No. 7,436,937 entitled "Method and System for the Police Response Dispatch Protocol of an

Emergency Dispatch System" (the "'937 Patent"). Dr. Clawson is the licensee and sole owner of the '937 Patent. A copy of the '937 Patent is attached as Exhibit 11.

45.    On October 23, 2012, the USPTO duly and lawfully issued United States Patent No. 8,294,570 entitled "Burn Diagnostic and Intervention Tool for Emergency Dispatch" (the "'570 Patent"). Dr. Clawson is the licensee and sole owner of the '570 Patent. A copy of the '570 Patent is attached as Exhibit 12.

46.    On January 15, 2013, the USPTO duly and lawfully issued United States Patent No. 8,355,483 entitled "Stroke Diagnostic and Intervention Tool for Emergency Dispatch" (the "'483 Patent"). Dr. Clawson is the licensee and sole owner of the '483 Patent. A copy of the '483 Patent is attached as Exhibit 13.

47.    On March 12, 2013, the USPTO duly and lawfully issued United States Patent No. 8,396,191 entitled "Anti-Social Protocol for Emergency Dispatch" (the "'191 Patent"). Dr. Clawson is the licensee and sole owner of the '191 Patent. A copy of the '191 Patent is attached as Exhibit 14.

48.    On April 9, 2013, the USPTO duly and lawfully issued United States Patent No. 8,417,533 entitled "Method and System for the Fire Response Dispatch Protocol of an Emergency Dispatch System" (the "'533 Patent"). Dr. Clawson is the licensee and sole owner of the '533 Patent. A copy of the '533 Patent is attached as Exhibit 15.

49.    On July 16, 2013, the USPTO duly and lawfully issued United States Patent No. 8,488,748 entitled "Meningitis Diagnostic and Intervention Tool for Emergency Dispatch" (the "'748 Patent"). Dr. Clawson is the licensee and sole owner of the '748 Patent. A copy of the '748 Patent is attached as Exhibit 16.

50.     On March 11, 2014, the USPTO duly and lawfully issued United States Patent No. 8,670,526 entitled "Hate Crime Diagnostic and Intervention Tool for Emergency Dispatch" (the "'526 Patent").  Dr. Clawson is the licensee and sole owner of the '526 Patent.  A copy of the '526 Patent is attached as Exhibit 17.

51.     On April 29, 2014, the USPTO duly and lawfully issued United States Patent No. 8,712,020 entitled "Pandemic Protocol for Emergency Dispatch" (the "'020 Patent").  Dr. Clawson is the licensee and sole owner of the '020 Patent.  A copy of the '020 Patent is attached as Exhibit 18.

52.     On October 28, 2014, the USPTO duly and lawfully issued United States Patent No. 8,873,719 entitled "Active Assailant Protocol for Emergency Dispatch" (the "'719 Patent").  Dr. Clawson is the licensee and sole owner of the '719 Patent.  A copy of the '719 Patent is attached as Exhibit 19.

53.     On April 19, 2016, the USPTO duly and lawfully issued United States Patent No. 9,319,859 entitled "System and Method for Text Messaging for Emergency Response" (the "'859 Patent").  Dr. Clawson is the licensee and sole owner of the '859 Patent.  A copy of the '859 Patent is attached as Exhibit 20.

54.     On November 8, 2016, the USPTO duly and lawfully issued United States Patent No. 9,491,605 entitled "Text Messaging for Emergency Response" (the "'605 Patent").  Dr. Clawson is the licensee and sole owner of the '605 Patent.  A copy of the '605 Patent is attached as Exhibit 21.

55.     On December 6, 2016, the USPTO duly and lawfully issued United States Patent No. 9,516,166 entitled "Chemical Suicide Protocol for Emergency Responses" (the "'166

Patent"). Dr. Clawson is the licensee and sole owner of the '166 Patent. A copy of the '166 Patent is attached as Exhibit 22.

56.   On November 29, 2011 the USPTO duly and lawfully issued United States Patent No. 8,066,638 entitled "Diagnostic and Intervention Tools for Emergency Medical Dispatch" (the "'638 Patent"). Dr. Clawson is the licensee and sole owner of the '638 Patent. A copy of the '638 Patent is attached as Exhibit 23.

**VitalClick is infringing Dr. Clawson's patents.**

57.   VitalClick, with knowledge of Dr. Clawson's Patents-in-Suit, has been actively and knowingly making, distributing, using, advertising, selling, and/or offering for sale a range of products that utilize emergency dispatch protocols that violate the patents owned by Dr. Clawson (the "Infringing Products").

58.   On information and belief, VitalClick has been actively and knowingly teaching and encouraging VitalClick's customers, distributors, and/or end users to use the Infringing Products according to the teachings and methods covered by the claims of the Patents-in-Suit.

59.   At no time has VitalClick had any express or implied authorization, license, or permission to practice the inventions claimed in Dr. Clawson's Patents-in-Suit.

60.   Dr. Clawson has provided the public with constructive notice of his Patents-in-Suit pursuant to 35 U.S.C. § 287.

**FIRST CAUSE OF ACTION**
(Product Infringement in Violation of § 1125(a) of the Lanham Act)

61.   Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

62.     This cause of action arises under § 1125(a) of the federal Lanham Act for product infringement.

63.     VitalClick has made materially misleading misrepresentations of fact in connection with the commercial advertising of its products and services, including that the images of the products on the VitalClick Website and the VitalClick Brochure are VitalClick's products.

64.     VitalClick has placed its misleading advertisements into interstate commerce by sending it to Priority Dispatch's customers and potential customers, and by posting the advertisement on the VitalClick Website.

65.     VitalClick's advertisements convey a materially false impression that is highly likely to confuse consumers and that has actually confused Priority Dispatch's customers.

66.     VitalClick's unauthorized and commercial use of images of Priority Dispatch's products has caused and is likely to continue to cause both confusion among consumers as to the source, origin, and characteristics of VitalClick's products and to deceive consumers into the mistaken belief that Priority Dispatch's products are manufactured or used by, or otherwise associated with, VitalClick.

67.     As a result of VitalClick's conduct, Priority Dispatch has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Priority Dispatch is entitled to preliminary and permanent injunctive relief against such acts under 15 U.S.C. § 1116.

68.     Priority Dispatch has been damaged and will further be damaged, and is entitled to compensation for such damages under 15 U.S.C. § 1117.

69.     Priority Dispatch is also entitled to recover VitalClick's profits, the costs of suit, enhanced damages, and attorneys' fees under 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
(Unfair Competition - Utah Common Law)

70.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

71.     VitalClick has engaged in unfair competition by intentionally committing business acts and practices that are unlawful and unfair by falsely representing that Priority Dispatch's MPDS® product is VitalClick's product.

72.     VitalClick's marketing and advertising convey a materially false impression that is highly likely to confuse consumers and that has actually confused Priority Dispatch's customers.

73.     As a result of VitalClick's conduct, Priority Dispatch has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Priority Dispatch is entitled to preliminary and permanent injunctive relief against VitalClick.

74.     Priority Dispatch is also entitled to recover its damages as a result of VitalClick's conduct.

**THIRD CAUSE OF ACTION**
(Unfair Competition - Utah Code Ann. § 13-5a-103)

75.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

76.     VitalClick is a competitor of Plaintiffs and has engaged in unfair competition under Utah Code Ann. § 13-5a-102(4) of the Utah Unfair Competition Act.

77.     VitalClick has engaged in unfair competition by intentionally committing business acts and practices that are unlawful and unfair by infringing Dr. Clawson's Patents-in-Suit.

78.     VitalClick's acts and practices have led to a material diminution in value of Plaintiffs' intellectual property.

79.     As a result of VitalClick's conduct, Plaintiffs have suffered and will continue to suffer irreparable injury and damages.

80.     Plaintiffs are entitled to recover their actual damages, costs of suit, attorneys' fees, and pre- and post-judgment interest as provided by law.  Plaintiffs are also entitled to punitive damages pursuant to Utah Code Ann. § 13-5a-103(1)(a)(iii) as the result of the willful nature of VitalClick's conduct.

## FOURTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 7,106,835)

81.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

82.     VitalClick is directly infringing at least Claims 1-14 of the '835 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

83.     At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '835 Patent.

84.     VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

85. Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '835 Patent and Plaintiffs' rights therein.

86. VitalClick's infringement of the '835 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

87. As a direct and proximate result of VitalClick's patent infringement, Priority Dispatch is entitled to recover actual damages in an amount to be proven at trial.

88. VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**FIFTH CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 5,857,966)

89. Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

90. VitalClick is directly infringing at least Claims 1-5, 8, and 9 of the '966 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

91. At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '966 Patent.

92. VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

93.     Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '966 Patent and Priority Dispatch's rights therein.

94.     VitalClick's infringement of the '966 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Priority Dispatch that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

95.     As a direct and proximate result of VitalClick's patent infringement, Dr. Clawson is entitled to recover actual damages in an amount to be proven at trial.

96.     VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## SIXTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 5,989,187)

97.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

98.     VitalClick is directly infringing at least Claims 1-3 of the '187 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

99.     At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '187 Patent.

100.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

101.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '187 Patent and Dr. Clawson's rights therein.

102.    VitalClick's infringement of the '187 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

103.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

104.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### SEVENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 6,004,266)

105.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

106.    VitalClick is directly infringing at least Claims 1-14 of the '266 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

107.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '266 Patent.

108.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

109.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '266 Patent and Plaintiffs' rights therein.

110.    VitalClick's infringement of the '266 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

111.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

112.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**EIGHTH CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 6,010,451)

113.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

114.    VitalClick is directly infringing at least Claims 1-4 of the '451 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

115.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '451 Patent.

116.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

117.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '451 Patent and Plaintiffs' rights therein.

118.    VitalClick's infringement of the '451 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

119.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

120.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**NINTH CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 3,053,864)

121.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

122.    VitalClick is directly infringing at least Claims 1-3 of the '864 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

123.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '864 Patent.

124.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

125.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '864 Patent and Plaintiffs' rights therein.

126.    VitalClick's infringement of the '864 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

127.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

128.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## TENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 6,076,065)

129.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

130.    VitalClick is directly infringing at least Claim 1 of the '065 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

131.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '065 Patent.

132.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

133.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '065 Patent and Plaintiffs' rights therein.

134.    VitalClick's infringement of the '065 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

135.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

136.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### ELEVENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 6,106,459)

137.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

138.    VitalClick is directly infringing at least Claims 1-14 of the '459 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

139.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '459 Patent.

140.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

141.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '459 Patent and Plaintiffs' rights therein.

142.    VitalClick's infringement of the '459 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

143.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

144.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**TWELFTH CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 6,607,481)

145.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

146.    VitalClick is directly infringing at least Claims 1-5 of the '481 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

147.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '481 Patent.

148.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

149.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '481 Patent and Plaintiffs' rights therein.

150.    VitalClick's infringement of the '481 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

151.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

152.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### THIRTEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 7,428,301)

153.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

154.    VitalClick is directly infringing at least Claims 1-8 and 10-12 of the '301 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

155.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '301 Patent.

156.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

157.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '301 Patent and Plaintiffs' rights therein.

158.    VitalClick's infringement of the '301 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

159.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

160.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### FOURTEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 7,436,937)

161.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

162.    VitalClick is directly infringing at least Claims 1-9 of the '937 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

163.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '937 Patent.

164.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

165.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '937 Patent and Plaintiffs' rights therein.

166.    VitalClick's infringement of the '937 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

167.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

168.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## FIFTEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,294,570)

169.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

170.    VitalClick is directly infringing at least Claims 1-31 of the '570 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

171.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '570 Patent.

172.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

173.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '570 Patent and Plaintiffs' rights therein.

174.    VitalClick's infringement of the '570 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

175.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

176.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## SIXTEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,355,483)

177.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

178.    VitalClick is directly infringing at least Claims 1-29 of the '483 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

179.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '483 Patent.

180.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

181.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '483 Patent and Plaintiffs' rights therein.

182.     VitalClick's infringement of the '483 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

183.     As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

184.     VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### SEVENTEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,396,191)

185.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

186.     VitalClick is directly infringing at least Claims 1-19 of the '191 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

187.     At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '191 Patent.

188.     VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

189.     Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '191 Patent and Plaintiffs' rights therein.

190.    VitalClick's infringement of the '191 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

191.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

192.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### EIGHTEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,417,533)

193.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

194.    VitalClick is directly infringing at least Claims 1-25 of the '533 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

195.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '533 Patent.

196.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

197.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '533 Patent and Plaintiffs' rights therein.

198.    VitalClick's infringement of the '533 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

199.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

200.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### NINETEENTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,488,748)

201.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

202.    VitalClick is directly infringing at least Claims 1-25 of the '748 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

203.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '748 Patent.

204.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

205.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '748 Patent and Plaintiffs' rights therein.

206.     VitalClick's infringement of the '748 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

207.     As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

208.     VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### TWENTIETH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,670,526)

209.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

210.     VitalClick is directly infringing at least Claims 1-22 of the '526 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

211.     At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '526 Patent.

212.     VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

213.     Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '526 Patent and Plaintiffs' rights therein.

214.    VitalClick's infringement of the '526 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

215.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

216.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**TWENTY-FIRST CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 8,712,020)

217.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

218.    VitalClick is directly infringing at least Claims 1-29 of the '020 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

219.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '020 Patent.

220.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

221.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '020 Patent and Plaintiffs' rights therein.

222.    VitalClick's infringement of the '020 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

223.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

224.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**TWENTY-SECOND CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 8,873,719)

225.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

226.    VitalClick is directly infringing at least Claims 1-20 of the '719 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

227.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '719 Patent.

228.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

229.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '719 Patent and Plaintiffs' rights therein.

230.    VitalClick's infringement of the '719 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

231.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

232.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

**TWENTY-THIRD CAUSE OF ACTION**
(Patent Infringement of U.S. Patent No. 9,319,859)

233.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

234.    VitalClick is directly infringing at least Claims 1-6, 11-16, and 20 of the '859 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

235.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '859 Patent.

236.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

237.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '859 Patent and Plaintiffs' rights therein.

238.    VitalClick's infringement of the '859 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

239.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

240.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

### TWENTY-FOURTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 9,491,605)

241.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

242.    VitalClick is directly infringing at least Claims 1-7, 11-13, 16-18, and 20 of the '605 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

243.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '605 Patent.

244.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

245.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '605 Patent and Plaintiffs' rights therein.

246.    VitalClick's infringement of the '605 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

247.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

248.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## TWENTY-FIFTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 9,516,166)

249.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

250.    VitalClick is directly infringing at least Claims 1-22 of the '166 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

251.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '166 Patent.

252.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

253.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '166 Patent and Plaintiffs' rights therein.

254.    VitalClick's infringement of the '166 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

255.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

256.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## TWENTY-SIXTH CAUSE OF ACTION
(Patent Infringement of U.S. Patent No. 8,066,638)

257.    Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

258.    VitalClick is directly infringing at least Claims 1-5, 8, 9, 12, 13, 16-23, 25, 27, 34-41, 44, 45, 48, 49, 52-62 of the '638 Patent, literally or by equivalents, pursuant to 35 U.S.C. § 271 in the United States, including in this judicial district.

259.    At no time have Plaintiffs granted VitalClick any authorization, license, or permission to practice the '638 Patent.

260.    VitalClick's patent infringement has allowed it to unfairly reap a substantial commercial and competitive advantage and savings in, among other things, research, development, and operational time and cost.

261.    Upon information and belief, VitalClick's infringement has been willful with full knowledge of the '638 Patent and Plaintiffs' rights therein.

262.    VitalClick's infringement of the '638 Patent has caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is not adequate remedy at all.

263.    As a direct and proximate result of VitalClick's patent infringement, Plaintiffs are entitled to recover actual damages in an amount to be proven at trial.

264.    VitalClick's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to their attorneys' fees and costs incurred in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment against VitalClick as follows:

1.    On the First and Second Causes of Action:

a.    An order preliminarily and permanently enjoining VitalClick, including all of its officers, agents, servants, employees, contractors, suppliers, and attorneys, and all other persons who are in active concert or participation with them or who receive actual notice of the order by personal service or otherwise, from engaging in false or misleading advertising with respect to Priority Dispatch's products and related services, including the MPDS®, and/or violation the Lanham Act or unfair competition in violation of Utah common law, including, but not limited to, removal of all false or misleading advertisements;

b.    An order requiring VitalClick to correct any erroneous impressions VitalClick has created in the minds of Priority Dispatch's clients and the consuming public

concerning the origin and characteristics of VitalClick's products, including, but not limited to, the placement of corrective advertising and providing written notice to the public;

        c.      Entry of judgment holding that VitalClick violated 15 U.S.C. § 1125(a) and Utah Code Ann. § 13-5a-102(4) by unfairly competing against Priority Dispatch by using false, deceptive, or misleading advertisements;

        d.      An award of damages that Priority Dispatch sustained in consequence of VitalClick's advertisements and conduct;

        e.      An award of the gains, profits, and advantages that VitalClick has obtained as a result of its actions in violation of 15 U.S.C. § 1125(a);

        f.      Entry of judgment holding that VitalClick's actions and conduct were undertaken willfully and with the intention to cause confusion, mistake, or deception, making this an exceptional case, and awarding Priority Dispatch enhanced damages and reasonable attorneys' fees; and

        g.      An order directing VitalClick to remove and destroy all misleading and deceptive materials pursuant to 15 U.S.C. § 1118.

    2.      On the Third Cause of Action:

        a.      An award of general and compensatory damages in an amount to be proven at trial;

        b.      An award of pre- and post-judgment interest as allowed by applicable law, cost of suit, and attorneys' fees; and

        c.      An award punitive damages pursuant to Utah Code Ann. § 13-5a-103(1)(a)(iii) as the result of the willful nature of VitalClick's conduct.

3.      On the Fourth through Twenty-Sixth Causes of Action:

d.      Entry of judgment declaring that VitalClick has infringed one or more

Claims of the '835, '966, '187, '266, '451, '864, '065, '459, '481, '301, '937, '570, '483, '191,

'533, '748, '526, '020, '719, '859, '605, '166, and '638 Patent (collectively, the "Patents-at-

Issue");

e.      Preliminarily and permanently enjoin VitalClick, including all of its

officers, agents, servants, employees, contractors, suppliers, and attorneys, and all other persons

who are in active concert or participation with them or who receive actual notice of the order by

personal service or otherwise, from directly infringing, contributory infringing, or inducing

infringement of, any Claims of the Patents-at-Issue, literally or by equivalents;

f.      Entry of judgment in favor of Priority Dispatch and against VitalClick

awarding Priority Dispatch its damages for patent infringement pursuant to 35 U.S.C. § 284 in an

amount to be determined at trial, but in no event less than a reasonable royalty for infringement

of the Patents-at-Issue, in addition to pre-judgment interest, post-judgment interest, and Priority

Dispatch's costs in bringing this action;

g.      An award of treble damages pursuant to 35 U.S.C. § 284 due to

VitalClick's deliberate and willful infringement of the Patents-at-Issue;

h.      An award of Priority Dispatch's reasonable attorneys' fees, costs, and

expenses pursuant to 35 U.S.C. § 285; and

i.      An award of other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Priority Dispatch hereby demands a jury trial of all issues in this action triable as of right by a jury.


DATED:  February 16, 2017.

STOEL RIVES LLP


/s/ *Timothy K. Conde*
Timothy K. Conde
Jordan C. Bledsoe

*Attorneys for Plaintiffs*

Plaintiff's Address:
110 South Regent Street, Suite 500
Salt Lake City, UT 84111